Singh v. Barr

BIA
Laforest, IJ
A205 934 989

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of August, two thousand nineteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge,*
>RICHARD C. WESLEY,
>RICHARD J. SULLIVAN,
>>*Circuit Judges.*

_____

MANPREET SINGH,
>*Petitioner,*

>v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

17-4132
NAC

_____

FOR PETITIONER: Natasha J. Mallhi, New York, NY.

FOR RESPONDENT: Chad A. Readler, Principal Deputy Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Aaron D. Nelson, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Manpreet Singh, a native and citizen of India, seeks review of a November 30, 2017, decision of the BIA affirming a March 3, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Manpreet Singh,* No. A205 934 989 (B.I.A. Nov. 30, 2017), *aff'g* No. A205 934 989 (Immig. Ct. N.Y. City Mar. 3, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the . . . consistency between the applicant's . . . written and

2

oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

The adverse credibility determination in this case is supported by substantial evidence. The agency reasonably relied on inconsistencies and omissions in Singh's written and oral statements, and on inconsistencies between his statements and documentary evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67, 166 n.3; *see also Hong Fei Gao*, 891 F.3d at 78-79 (allowing reliance on omissions of "facts . . . that a credible petitioner would reasonably have been expected to disclose"). Singh initially said at his border interview that Congress Party members invaded his home, tied him up, and beat him;

3

but he did not mention that incident during his credible fear interview, in his application, or during direct testimony. He also testified to being unconscious and hospitalized after a beating, but he failed to mention the hospitalization during his interviews or in his application, and his medical record did not reflect that he lost consciousness.

Singh did not offer compelling explanations for the inconsistencies and omissions. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). His explanation that the home invasion was too insignificant to mention is undermined by the fact that this was the first incident of harm that he disclosed to border patrol officials and by his testimony during direct examination of relatively minor telephonic threats by the Congress Party. Singh said that he did not include the hospitalization in his application because he wanted his application to match his credible fear interview record. This explanation was also not compelling as it demonstrated that Singh's objective in writing his asylum

4

statement was to maintain a consistent narrative based on a prior interview rather than to disclose a true and full account of the alleged persecution he endured.

Although the agency may err in relying too heavily on the omission of minor medical treatment at least where the information supplemented, rather than contradicted, earlier statements, the agency did not err here because the hospitalization was a significant event. *See Hong Fei Gao*, 891 F.3d at 82 (requiring that omissions "be weighed in light of the totality of the circumstances and in the context of the record as a whole"); *see also Ming Zhang v. Holder*, 585 F.3d 715, 726 (2d Cir. 2009) (holding that the agency may "draw an adverse inference about petitioner's credibility based, *inter alia*, on h[is] failure to mention" important details or events in prior statements).

Given the inconsistencies and omissions, the IJ reasonably determined that Singh's credibility was in question. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, the IJ did not err in finding that Singh failed to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may

5

bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency did not err in declining to afford significant weight to the hospital report, Sikh Gurudwara letter, and declarations from Singh's parents and two witnesses because the authors were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that unsworn letters from friends and family did not provide substantial support for claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012). Further, as the IJ found, Singh's parents' letters did not mention that Congress Party members had invaded their home, tied Singh up, and beaten him, and the hospital report did not note that Singh had been unconscious.

Given the inconsistencies, omissions, and lack of reliable corroboration, the adverse credibility determination

is supported by substantial evidence.  *See Xiu Xia Lin*, 534 F.3d at 167.  That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicates.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court